UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JULIE A. HOLBROOK,<br><br>Defendant. | CASE NO. 3:15-CR-05392-DWC<br><br>ORDER GRANTING-IN-PART DEFENDANT'S MOTION TO SUPPRESS |

On January 29, 2016, a hearing was held before United States Magistrate Judge David W. Christel on Defendant's Motion to Suppress ("Motion"). Defendant Julie A. Holbrook is charged under a two count Information with theft of government property and possession of a controlled substance. *See* Dkt. 3. Defendant Holbrook moves to suppress evidence obtained during searches of her belongings, which occurred when she was arrested for the alleged theft.

After reviewing the record, including written filings, evidence, and argument, the Court concludes the search of Defendant Holbrook's cart possessions, which was outside of her control at the time of her arrest, was not a lawful search incident to arrest. However, the search of

1  Defendant Holbrook's personal possessions was a lawful search incident to her arrest.[1]

2  Accordingly, the Motion is granted-in-part and denied-in-part.

### Factual Findings[2]

A. <u>Store Surveillance</u>

On March 17, 2015, Loss Prevention Detective for Army and Air Force Exchange Services Lindsey Giese[3], while watching surveillance video, observed Defendant Holbrook shopping at the McChord Exchange, a shopping facility located on Joint Base Lewis-McChord. Detective Giese became aware of Defendant Holbrook because of the unusual arrangement of items in her cart and because she was shopping in a high theft area of the store. Over the course of approximately one hour, Detective Giese observed Defendant Holbrook select Shiseido eye shadow, Estee Lauder eye liner, and Bare Escentuals and bareMinerals make-up brushes and conceal the items in a personal bag located in her cart. Detective Giese also observed Defendant Holbrook conceal a pair of sunglasses and a Vera Bradley personal identification case ("id case").

Defendant Holbrook proceeded to central checkout. She purchased several items, but did not purchase sunglasses, make-up brushes, Shesiedo eye shadow, Estee Lauder eye liner, or a Vera Bradley id case. Defendant Holbrook exited the store after leaving central checkout.

---

[1] The facts of this case show Defendant Holbrook had personal belongings searched which were located in a shopping cart and located on a couch next to her person. The items located in the shopping cart will be referred to as "cart possessions" throughout this Order. The items located next to Defendant Holbrook's person, which appear to be an article of clothing and personal bag, will be referred to as "personal possessions."

[2] The factual findings in this Order are based on testimony and exhibits presented during the hearing on the Motion. At the hearing, the Court heard testimony from Loss Prevention Detective Lindsey Giese and Officer Todd Desmond. A surveillance video of the alleged theft and the arrest and search was admitted as Government's Exhibit 23. Government's Exhibits 4 – 22 were also admitted during the hearing. Exhibits 4 – 22 include still shots from the video surveillance and photographs of items which are similar to the items allegedly stolen by Defendant Holbrook. Additionally, the Court considered written statements made under oath by Lindsey Giese, Todd Desmond, and Officer Jonathan Gumm. *See* Dkt. 17-1 -17-3.

[3] Detective Giese is an employee of Army and Air Force Exchange Services and is not a police officer.

B. <u>Search</u>

Detective Giese approached Defendant Holbrook when she exited the store and asked Defendant Holbrook to accompany her to the loss prevention office. Defendant Holbrook agreed. During this time, Detective Giese's supervisor contacted the police.

When Detective Giese and Defendant Holbrook entered the loss prevention office, Defendant Holbrook pushed a shopping cart, which contained some of her personal belongings, into the office. Detective Giese took the shopping cart from Defendant Holbrook and placed the cart in front of a desk, approximately five feet from Defendant Holbrook. Defendant Holbrook kept some personal belongings by her side on the couch.

Approximately ten minutes after Defendant Holbrook entered the office, police officers Todd Desmond and Jonathan Gumm arrived. Officer Desmond immediately reviewed surveillance footage showing Defendant Holbrook select and conceal store merchandise and leave the store without rendering payment for the items. Officer Desmond returned to the office after watching the video, and Detective Giese and Officers Desmond and Gumm escorted Defendant Holbrook to the bathroom. Detective Giese accompanied Defendant Holbrook into the bathroom to assure no evidence was destroyed.

Upon returning from the bathroom, Officer Gumm reviewed the surveillance video and a female officer arrived. Approximately four minutes after the female officer arrived, Defendant Holbrook was handcuffed and escorted to a separate room to be searched. Around the same time, Officers Desmond and Gumm made a cursory search of the cart possessions and the personal possessions.

The cart possessions were not accessed by Defendant Holbrook after she entered the loss prevention office. The cart possessions were not within her immediate reach, and a police officer or other authority figure either stood between Defendant Holbrook and the shopping cart or

effectively created a physical separation between Defendant Holbrook and the shopping cart at all times after she entered the office. Defendant Holbrook's personal possessions remained within her reach from the time of her arrest until the initial search of the items.

## **Discussion**

Defendant Holbrook maintains the warrantless searches of her belongings, which occurred while she was in the loss prevention office, were unlawful. The government argues the searches of Defendant Holbrook's belongings were lawful searches incident to arrest. Based on the assertions in the Motion and at the hearing, the Court must determine: (A) if the arrest was lawful; (B) when the arrest occurred; and (C) if the warrantless searches of Defendant Holbrook's belongings were lawful searches incident to the arrest.

A. Probable Cause to Arrest

Defendant Holbrook first argues the police lacked probable cause to place her under arrest.

1. *Legal Discussion*

"Under the Fourth Amendment, a warrantless arrest requires probable cause." *U.S. v. Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007). Probable cause to arrest exists when an officer has knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe an offense has been or is being committed by the person being arrested. *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *Lopez*, 482 F.3d at 1072. The Ninth Circuit has defined probable cause as follows: "when 'under the totality of circumstances known to the arresting officers, a prudent person would have concluded that the defendant had committed a crime.'" *Lopez*, 482 F.3d at 1072 (*quoting United States v. Smith*, 790 F.2d 789, 792 (9th Cir. 1986). "Conclusive evidence of guilt is not necessary to establish probable cause[;]" however, "[m]ere

suspicion, common rumor, or even strong reason to suspect are not enough[.]" *McKenzie v. Lamb*, 738 F.2d 1005, 1008 (9th Cir. 1984).

    2. *Factual Application*

The evidence shows Officers Desmond and Gumm had probable cause to arrest Defendant Holbrook for shoplifting. Detective Giese observed Defendant Holbrook conceal sunglasses, eye shadow, eye liner, make-up brushes, and an id case--all store merchandise--and then exit the store without paying for the items. The alleged theft was recorded on video surveillance. The arresting officers spoke with Detective Giese and watched the surveillance video before placing Defendant Holbrook under arrest. Based on a totality of the circumstances, a prudent person with the arresting officers' knowledge would conclude Defendant Holbrook committed a crime. The Court finds the warrantless arrest of Defendant Holbrook was based on probable cause and was therefore lawful.

  B. <u>Time of Arrest</u>

Next, Defendant Holbrook argues she was not under arrest at the time of the warrantless searches of her belongings.

    1. *Legal Discussion*

A person has been "seized" with the meaning of the Fourth Amendment "only when, by means of physical force or a show of authority, his freedom of movement is restrained." *United States v. Mendenhall,* 446 U.S. 544, 554, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980). The court must view the totality of the circumstances when determining if a suspect is in custody. *United States v. Craighead*, 539 F.3d 1073, 1082 (9th Cir. 2008). After viewing the totality of the circumstances, the court must "ask whether a reasonable person in those circumstances would have felt he or she was not at liberty to terminate" the encounter. *Id.* (internal quotations omitted).

*2.  Factual Application*

Upon exiting the store, Defendant Holbrook was asked to accompany Detective Giese to the loss prevention office. The evidence shows she was not required to go with Detective Giese and could have refused. Officer Desmond arrived at the office and viewed the surveillance video of the alleged theft within about ten minutes of Defendant Holbrook entering the office. After Officer Desmond finished watching the video he returned to the office.  Defendant Holbrook then asked to use the bathroom and Detective Giese and Officers Desmond and Gumm escorted her to the bathroom. Approximately 16 minutes after returning to the office from the bathroom, Defendant Holbrook was placed in handcuffs.

Viewing the totality of the circumstances, a reasonable person would have felt she was not at liberty to terminate the police encounter when she was placed in handcuffs. The Court also finds a reasonable person may not have felt free to leave when escorted to the bathroom by three people, two of whom were police officers. Regardless of whether Defendant Holbrook was arrested when she was escorted to the bathroom or when she was placed in handcuffs, the search of her person and her possessions occurred after she was placed under arrest.

C.  <u>Warrantless Search</u>

Last, Defendant Holbrook asserts the searches, which occurred in the loss prevention office, were not lawful warrantless searches incident to her arrest.

1.  *Legal Discussion*

"The Fourth Amendment prohibits unreasonable searches and seizures by the Government[.]" *United States v. Valdes–Vega,* 685 F.3d 1138, 1143 (9th Cir.2012) (*quoting United States v. Arvizu,* 534 U.S. 266, 273 (2002)). "Warrantless searches by law enforcement officers 'are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions.'" *United States v. Cervantes,* 678 F.3d

798, 802 (9th Cir.2012) (*quoting Katz v. United States,* 389 U.S. 347, 357 (1967)). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest." *Arizona v. Gant,* 556 U.S. 332, 338 (2009).

The "search-incident-to-arrest" exception permits "a police officer who makes a lawful arrest [to] conduct a warrantless search of the arrestee's person and the area 'within [the arrestee's] immediate control.'" *Davis v. United States*, 564 U.S. 229, 131 S.Ct. 2419, 2424 (2011) (*quoting Chimel v. California,* 395 U.S. 752, 763 (1969)).This exception has historically been formulated into two distinct areas: (1) a search may be made of the person of the arrestee by virtue of the lawful arrest; and (2) a search may be made of the area within the control of the arrestee. *United States v. Robinson,* 414 U.S. 218, 224 (1973). In the current case, Defendant Holbrook seeks to suppress evidence which the government argues was in her control, not on her person, at the time of her arrest.

"[S]earches of possessions within an arrestee's immediate control cannot be justified by any reduced expectations of privacy caused by the arrest." *United States v. Chadwick*, 433 U.S. 1, 16 n. 10 (1977), *abrogated on other grounds by California v. Acevedo*, 500 U.S. 565 (1991). Rather, such warrantless searches are "conducted for the twin purposes of finding weapons the arrestee might use, or evidence the arrestee might conceal or destroy." *United States v. Maddox*, 614 F.3d 1046, 1048 (9th Cir.2010) (*citing Chimel*, 395 U.S. at 762–63). "[I]f there is no possibility that an arrestee could reach into the area that law enforcement officers seek to search, both justifications for the search-incident-to-arrest exception are absent and the rule does not apply." *Gant*, 556 U.S. at 339. The focus is "on a suspect's ability (or inability) to access weapons or destroy evidence at the time a search incident to arrest is conducted." *United States v. Shakir*, 616 F.3d 315, 318 (3d Cir. 2010); *see Gant*, 556 U.S. at 339.

Additionally, the search must be "roughly contemporaneous with the arrest." *United States v. McLaughlin*, 170 F.3d 889, 892 (9th Cir.1999). However, the requirement that the arrest and search be contemporaneous is not strictly temporal. *United States v. Smith*, 389 F.3d 944, 951 (9th Cir. 2004). "[T]he relevant focus is 'not strictly on the timing of the search but its relationship to (and reasonableness in light of) the circumstances of the arrest.'" *United States v. Caseres*, 533 F.3d 1064, 1073 (9th Cir.2008) (*quoting Smith*, 389 F.3d at 951). Further, "once an item in an individual's possession has been lawfully seized and searched, subsequent searches of that item, so long as it remains in the legitimate uninterrupted possession of the police, may be conducted without a warrant." *United States v. Burnette*, 698 F.2d 1038, 1049 (9th Cir. 1983).

Thus, "the determination of the validity of a search incident to arrest in this circuit is a twofold inquiry: (1) was the searched item within the arrestee's immediate control when [s]he was arrested; (2) did events occurring after the arrest but before the search ma[k]e the search unreasonable?" *Maddox*, 614 F.3d at 1048 (*quoting United States v. Turner*, 926 F.2d 883, 887 (9th Cir.1991)).

2.  *Factual Application*

Based on the evidence, it is unclear if items seized during the search were located in the shopping cart, on the couch, on Defendant Holbrook's person, or some combination thereof. The Court will therefore discuss each search separately.

a)  Search of the cart possessions

At the time Defendant Holbrook entered the loss prevention office, Detective Giese took the shopping cart containing the cart possessions and placed it about five feet from where Defendant Holbrook was seated. The cart and items contained in the cart were not within Defendant Holbrook's immediate reach or control at any point after entering the office, including when she was arrested and when the search of the cart possessions occurred. Further, Defendant

Holbrook was never alone with the cart possessions.  A police officer or other person of authority either stood between Defendant Holbrook and the shopping cart or effectively created a physical separation between Defendant Holbrook and the cart possessions from the time she entered the office until the time the search occurred.

As Defendant Holbrook was not able to reasonably access the cart possessions once she entered the loss prevention office, the Court concludes she did not have immediate control of the cart possessions when she was arrested or at the time of the search. Therefore, the search of the cart possessions was not a lawful search incident to arrest and any evidence obtained during the search of the cart possessions is inadmissible. *See Gant*, 556 U.S. at 351 (in the vehicle context, finding the search was not incident to arrest when the arrestee was ten to twelve feet from the searched vehicle because the arrestee was not within reaching distance of the passenger compartment at the time of arrest); *Chimel*, 395 U.S. at 763 (construing immediate control to mean the area from which a suspect might gain possession of a weapon or destructible evidence); *United States v. Maldonado-Espinosa*, 968 F.2d 101 (1st Cir. 1992) (finding a search of a bag incident to arrest would be proper where "carry-on bag was on the table next to [the arrestee] and within reach").

      b)  Search of the personal possessions

When Defendant Holbrook entered the loss prevention office, she kept her personal possessions within her immediate and exclusive control. Defendant Holbrook left her personal possessions in the office when she went to the bathroom; however, no one took control of the items or touched the items during her absence, and she sat next to the items upon returning to the office. At this time, she was not handcuffed. She frequently touched and moved one of the items,

and a second item was continually by her side.[4] Thus, if Defendant Holbrook was arrested when she was escorted to the bathroom, she regained immediate control of her personal possessions when she returned from the bathroom.

Once she was placed in handcuffs, Defendant Holbrook no longer had immediate control over her personal possessions. Within four minutes of being placed in handcuffs, video surveillance shows Officer Desmond perform a cursory search of the area where Defendant Holbrook was sitting, including her personal possessions.

Based on the evidence, the Court concludes Defendant Holbrook's personal possessions were within her immediate control when she was arrested. The Court also concludes the cursory search of the personal possessions was reasonably contemporaneous to the time when Defendant Holbrook relinquished control of the items. *See United States v. Edwards*, 415 U.S. 800 (1974) (finding search of clothing incident to arrest ten hours after arrest when suspect was in custody in a cell the entire time, wearing the seized clothing); *McLaughlin*, 170 F.3d at 893 (finding a search incident to arrest five minutes after the arrest was valid because it was part of a "continuous series of events closely connected in time"); *United States v. Anderson*, 813 F.2d 1450 (9th Cir. 1987) (lawful search of suitcase incident to arrest when the suspect was arrested standing next to a bed upon which two suitcases sat); *see also State v. Wade*, 215 Wis.2d 684 (1997) (holding a warrantless search valid as a search incident to arrest when the arrestee was gaining access to her belongings while still in police custody).

Therefore, the cursory search of Defendant Holbrook's personal possessions constitutes a lawful search incident to her arrest. As the cursory search was lawful, the subsequent search of the personal possessions was also lawful because the police officers remained in control of the

---

[4] It is unclear how many personal items Defendant Holbrook had with her on the couch.

personal possessions after Defendant Holbrook relinquished immediate control of the items. *See Burnette*, 698 F.2d at 1049 (finding a more thorough warrantless search of a purse at the police station after a cursory search of the purse incident to arrest was valid). Any evidence found in the personal possessions is admissible.

## Conclusion

The Court concludes the searches of Defendant Holbrook's person[5] and personal possessions were lawful as searches incident to arrest. Any other items searched in the loss prevention office (including the cart possessions) were outside Defendant Holbrook's immediate control both at the time of the arrest and at the time of the search. Accordingly, the only admissible evidence is the evidence seized from Defendant Holbrook's person or the personal possessions she had with her on the couch.

Based on the above stated reasons, Defendant's Motion to Suppress is granted-in-part and denied-in-part.

Dated this 5th day of February, 2016.

*David W. Christel*
David W. Christel
United States Magistrate Judge

---

[5] Defendant does not argue the search of Defendant Holbrook's person was unlawful or move to suppress any items discovered during the search of her person.